IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTEN DIVISION

| | |
|---|---|
| ZHIHUA WU,<br><br>　　　　Plaintiff,<br><br>v.<br><br>fujianshengfusixianshangmaoyouxiangongsi, jinjiangshizimaozhenliuqianbingxiefushangdian, shishishigedixinxikejiyouxiangongsi, quanzhounuodaodianzishangwuhehuoqiye, and fujianprovance 9457trading co. ltd.<br><br>　　　　Defendants. | Case No. 25-cv-01644<br><br>**COMPLAINT**<br><br>Complaint Filed: February 17, 2025 |

**COMPLAINT**

　　Plaintiff Zhihua WU ("Plaintiff"), by and through its counsel, hereby brings the present action against Defendants and alleges as follows:

### I.　JURISDICTION AND VENUE

　　1.　This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the 28 U.S.C. §§1331 and 1338(a).

　　2.　Venue is proper in this Court pursuant to 28 U.S.C. §1391 and 1400(a). In this action, venue is proper in any district in which they would be subject to personal jurisdiction. *See also* 28 U.S.C. §1391(b)(3). On information and belief, Defendants are not residents in the United States, which means that they may be sued in any judicial district pursuant to 28 U.S.C. §1391(c)(3).

3. This Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through their e-commerce stores operating listed on e-commerce platforms. Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores on e-commerce platforms, offer shipping to them, accept payment in U.S. dollars and, on information and belief, have sold products featuring Plaintiff's Patented design to them. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois. Evidence which shows Defendants have done business online to Illinois residents and offered shipping to Illinois is attached as **Exhibit 2**.

## II. INTRODUCTION

4. Plaintiff files this action against Defendants for the alleged infringement upon Plaintiff's registered patent (hereinafter, "Patent"). Defendants in this action set up e-commerce stores on e-commerce platforms. Defendants are engaged in the making, marketing, shipping, using, offering to sale, selling, and/or import to the United States for subsequent sale or use of certain unauthorized and unlicensed products that look almost identical to the products sold by Plaintiff. Plaintiff alleges that Defendants' actions constitute infringement upon Plaintiff's Patent No. D1,024,494S ("the '494 Patent"), and negatively impact Plaintiff's goodwill and business reputation.

## III. THE PARTIES

5. Plaintiff ZHIHUA WU is an individual residing in the People's Republic of China.

6. Defendants are companies that own and operate one or more e-commerce stores online. These companies are all located in Fujian Province, China, and are geographically close to each other. Additionally, there is a cross-ownership structure among them. Based on information and belief, the Defendants have strong connections with each other.

7. Defendants have the capacity to be sued pursuant to the Federal Rule of Civil Procedure Rule 17(b).

### IV. GENERAL FACTS

8. Plaintiff ZHIHUA WU is an individual residing in the People's Republic of China. With years of experience in e-commerce, he possesses a mature brand awareness and market expertise. Declaration of Zhihua Wu ("Wu Decl."), at ¶ 2.

9. Plaintiff is the owner of U.S. Pat. No. D1,024,494S titled SHOE. The '494 Patent has a priority date of December 6, 2022, issued April 30, 2024, and is valid and enforceable. A true and correct copy of the '494 Patent is attached hereto as **Exhibit 1**.

10. Plaintiff designed and developed the '494 Patent, which is a steel-toe work shoe. In addition to providing protection for the feet of high-intensity labors, it features a uniquely styled stripe design, making it highly popular in the market. Plaintiff has begun to sell products with the patented design in 2022 until now. Wu Decl., at ¶ 3.

11. Plaintiff has discovered that certain fully interactive and active e-commerce stores have been promoting, advertising, marketing, distributing, offering for sale, and selling products that utilize Plaintiff's federally registered patent work (the "Infringing Products") without authorization. Plaintiff has observed that among these stores, the layout of Defendants' stores is strikingly similar, and all of them are located in Fujian Province, China. Based on these

observations, Plaintiff suspects that these Defendants are not only aware of each other's activities but are also coordinated in their efforts to infringe upon Plaintiff's intellectual property rights. Consequently, Plaintiff has conducted a more in-depth investigation into these Defendants. Wu Decl., at ¶ 4.

12. Defendants are proper joinders of the action. Under Rule 20 of Federal Rules of Civil Procedure, multiple parties may be joined in one action as defendants if (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. Substantial evidentiary overlap is required to find a similar transaction or occurrence to find a joinder proper. *See Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, No. 23 C 17036, 2024 WL 1858592, at 6 (N.D. Ill. Apr. 29, 2024).

13. Plaintiff has uncovered evidence of interrelationships among the Defendants by examining their corporate structures. According to seller information on Amazon and the records of the company registry in China, there is an overlap of shareholders among these companies, suggesting that they are owned and managed by the same few individuals. For instance, the operating company behind the e-commerce store NIFOFISE is fujianshengfusixianshangmaoyouxiangongsi (Fujian Province Fusixian Commerce Co., Ltd). The legal representative and sole shareholder of this company is Zheng Zhihui, who is also a partner in quanzhounuodaodianzishangwuhehuoqiye (Quanzhou Nuodao E-Commerce Limited Partnership), which controls the Nuodao Store. Additionally, Zheng Zhihui's partner Chen Xinrong is the shareholder of fujianprovance 9457trading co. ltd. (Fujian Province Jiusiwuqi Commerce Co., Ltd), which controls the infringing store, iam9457. Wu Decl., at ¶ 5.

14. Given the similarity between the functions and products of the online stores and the unified infringing actions that began at similar times, it is believed that the owners of Defendants have used the aliases to establish multiple legal entities to help them escape from potential liabilities. The corporate veils of Defendants are extremely weak. At least, Defendants shall be seen as a whole when conducting the infringing actions. Consequently, they satisfy the requirements for joinders under Rule 20 of Federal Rules of Civil Procedure.

| Seller and Product Image | |
|---|---|
| NIFOFISE (fujianshengfusixianshangmaoyouxiangongsi) | Chuanzhu (jinjiangshizimaozhenliuqianbingxiefushangdian) |
| Gedi Store (shishishigedixinxikejiyouxiangongsi) | iam9457 (fujianprovance 9457trading co.ltd) |

 

15. On information and belief, Plaintiff reasonably believes that Defendants source their products from a common origin. Wu Decl., at ¶ 6. The strikingly identical products ordered from Defendants' online stores shown in the table above also support the conclusion.

16. Defendants knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the same product that infringes directly and/or indirectly Plaintiff's Patent. Each e-commerce store operating under the alias offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States and Illinois over the Internet.

17. Defendants' infringement of Plaintiff's '494 Patent in connection with the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products, including the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of Infringing Products into Illinois, is and has been willful and irreparably harming Plaintiff.

## COUNT I
## INFRINGEMENT OF THE '494 PATENT

18. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

19. Plaintiff is the owner of the Patent. Plaintiff's exclusive rights include the rights to issue licenses, to reproduce, to distribute copies of, to display, and to authorize the creation of derivative works based on the '494 Patent.

20. Defendants have infringed Plaintiff's '494 Patent by making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products in the United States without authorization or license from Plaintiffs.

21. Defendants have profited by their infringement of the '494 Patent, and Plaintiff has suffered actual harm as a result of Defendants' infringement.

22. Defendants have infringed the '494 Patent and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiffs to suffer irreparable harm resulting from the loss of their lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiffs are entitled to injunctive relief pursuant to 35 U.S.C. § 283.

23. Defendants' conduct constitutes a separate and distinct act of infringement.

24. Defendants' conduct has at all times been willful, intentional, purposeful, and in disregard of and indifferent to the rights of Plaintiff.

25. Plaintiff is also entitled to recover damages adequate to compensate for the losses caused by the infringement, including Defendants' profits pursuant to 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

(a) making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the infringing product;

(b) aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the infringing product; and

(c) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) and (b).

(2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Taobao, T-Mall (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of the infringing product;

(3) That Plaintiff be awarded such damages proven at trial against Defendants that are adequate to compensate Plaintiffs for Defendants' infringement of the '494 Patent, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284.

(4) That the amount of damages awarded to Plaintiffs to compensate Plaintiffs for infringement of the '494 Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

(4) Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action; and

(5) Award any and all other relief that this Court deems just and proper.

Dated February 17, 2025.

Respectfully submitted
By: /s/ *Huicheng Zhou*
One Park Plaza, #600
Irvine, CA 92614
Huicheng.zhou@aliothlaw.com
Tel: (909) 284-1929
*Attorney for Plaintiff Zhihua Wu*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to relevant parties.

Dated February 17, 2025.

                                                    Respectfully submitted
By: /s/ *Huicheng Zhou*
One Park Plaza, #600
Irvine, CA 92614
Huicheng.zhou@aliothlaw.com
Tel: (909) 284-1929
*Attorney for Plaintiff Zhihua Wu*